[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-12199 & 19-12339
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00151-CEH-SPF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMON BELLAMY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 10, 2020)

Before JORDAN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Patrick Leduc, appointed counsel for Damon Bellamy in this direct criminal

appeal, has moved to withdraw from further representation of Mr. Bellamy and has

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our independent review of the entire record reveals that Mr. Leduc's assessment of the relative merit of the appeal is correct.

Putting aside the appeal waiver in Mr. Bellamy's plea agreement, *see Garza v. Idaho*, 139 S.Ct. 738, 745 (2019) (explaining that the government can forego reliance on an appeal waiver), there are no arguable issues of law or fact. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n. 10 (1988). For example, although there may be an arguable issue relating to the district court's attempted loss calculation, there is no indication that a proper calculation of attempted loss would lead to a figure of less than $3.5 million (the amount needed to trigger a lower advisory guideline range). In other words, any mistake the district court made with respect to attempted loss did not affect Mr. Bellamy's advisory guidelines range. In addition, Mr. Leduc withdrew his objection to the district court basing restitution on relevant conduct occurring outside of the statute of limitations period. *Cf. United States v. Dickerson*, 370 F.3d 1330, 1342 (11th Cir. 2004) (holding, under the Mandatory Victims Restitution Act, that where a scheme is an element of an offense, a district court can use relevant conduct outside of the statute of limitations period to determine restitution).

Because independent examination of the entire record reveals no arguable issues of merit, Mr. Leduc's motion to withdraw is **GRANTED**, Mr. Bellamy's

motion for the appointment of new counsel is **DENIED AS MOOT**, and Mr.

Bellamy's conviction and sentence are **AFFIRMED**.